# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HOWARD CHRISTIAN, and
BARBARA CHRISTIAN,

       Plaintiffs,                   Case No. 13-13795
                                        HON. TERRENCE G. BERG
      v.                                  MAG. MARK A. RANDON

FEDERAL HOME LOAN MORTGAGE
CORPORATION, FHLMC MULTICLASS
CERTIFICATES SERIES (NUMBER
UNKNOWN) TRUST (REMIC), MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., QUICKEN LOANS, INC., and
PROVIDENT FUNDING ASSOCIATES, LP

       Defendants.
_____/

## ORDER STRIKING NOTICE OF JOINDER/CONCURRENCE (DKT. 3), AND DENYING MOTION FOR ORDER TO RESTRAIN (DKT 4.)

On September 5, 2013, Defendants Federal Home Loan Mortgage Corporation ("FHLMC"), Provident Funding Associates, LP ("Provident"), and Mortgage Electronic Registration Systems, Inc. ("MERS") initiated this action by filing a notice of removal from the Oakland County Circuit Court (Dkt 1).

On September 27, 2013, Plaintiff filed a document captioned "Notice of Removal and Joinder to Federal Court" (Dkt. 3), seeking to merge another state court action into the instant case. This was followed on October 2, 2013, by a Motion for Order to Restrain FHLMC from Circumventing or Interfering with Federal Court Jurisdiction (Dkt 4).

Plaintiff's Notice of Removal and Joinder (Dkt. 3) is not a proper invocation of federal court jurisdiction, and is therefore **STRICKEN**.[1]

Further, because Plaintiff's Motion for Order to Restrain (Dkt. 4) is premised upon the above-stricken Notice of Removal and Joinder, and its improper assertion of this Court's jurisdiction over a pending state court matter, that motion is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                                  s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 2, 2013

## Certificate of Service

I hereby certify that this Order was electronically submitted on October 2, 2013, using the CM/ECF system, which will send notification to all parties.

                                                  s/A. Chubb
                                                  Case Manager

---

[1] Joinder under Federal Rule of Civil Procedure 18 allows for a "party asserting a claim, counterclaim, crossclaim, or third-party claim [to] join, as independent or alternative claims, as many claims as it has against an opposing party;" joinder is insufficient to confer federal jurisdiction over a pending state court case. Pursuant to 28 U.S.C. § 1446, in order to properly remove a case from state court to federal court, "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The Clerk of the district Court will then assign the action its own, unique case number. Thereafter, the parties may—by way of motion—seek to have the two actions consolidated as one case.