UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD CHRISTIAN and BARBARA
CHRISTIAN,

                Plaintiffs,

                                            Civil Case No. 13-13795

v.                                         Linda V. Parker

FEDERAL HOME LOAN MORTGAGE
CORPORATION, FHLMC MULTICLASS
CERTIFICATE SERIES (NUMBER UNKNOWN)
TRUST (REMIC), MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
QUICKEN LOANS, INC., and
PROVIDENT FUNDING ASSOCIATES, L.P.,

                Defendants.
_____/

## OPINION AND ORDER (1) DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS QUICKEN LOAN, INC. AND FHLMC MULTICLASS CERTIFICATES SERIES (NUMBER UNKNOWN) TRUST (ECF NO. 44); (2) SETTING ASIDE CLERK'S ENTRIES OF DEFAULT (ECF NOS. 21, 22); AND (3) DISMISSING AS FRIVOLOUS PLAINTIFFS' CLAIMS AGAINST DEFENDANTS QUICKEN LOAN, INC. AND FHLMC MULTICLASS CERTIFICATES SERIES (NUMBER UNKNOWN) TRUST

On or about July 8, 2013, Plaintiffs commenced this action against

Defendants in the Circuit Court for Oakland County, Michigan.  The matter arises

from the foreclosure of Property commonly known as 7860 Buckhom Lake Road,

Holly, MI.  Defendants Federal Home Loan Mortgage Corporation ("Freddie

Mac"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Provident

Funding Associates, LP ("Provident") removed Plaintiffs' Complaint to federal court on the basis of diversity jurisdiction on September 5, 2013.  Plaintiffs thereafter filed several requests for Clerk's entries of default against Defendants Quicken Loans, Inc. ("Quicken") and FHLMC Multiclass Certificates Series (Number Unknown) Trust (REMIC) ("Trust"), which were denied because there was insufficient evidence of service of the Summons and Complaint on these defendants.  (*See* ECF Nos. 9, 10, 13, 14, 20.)  However, Clerk's entries of default eventually were entered against Quicken and the Trust on November 15, 2013. (ECF Nos. 21, 22.)  On February 10, 2016, Plaintiffs filed a motion for default judgment against Quicken and the Trust.  (ECF No. 44.)

Reviewing Plaintiffs' Complaint and the case docket in response to the motion, this Court questioned whether Plaintiffs properly served Quicken and the Trust with the Summons and copy of the Complaint and whether Plaintiffs had stated a viable claim against these defendants in their Complaint.  As a result, on February 23, 2016, the Court issued an order in which it directed Plaintiffs to show cause in writing why they believe Quicken and the Trust have been properly served and what claim(s) they have against Quicken and the Trust.  (ECF No. 46.)  The Court ordered Plaintiffs to "identify with specificity the authority supporting their claim that service was proper and the facts they believe support their claim(s)

2

against Quicken and the Trust." (*Id*. at 4.) Plaintiffs filed a response to the show cause order on March 8, 2016. (ECF No. 47.)

In their response, Plaintiffs take issue with the Court sua sponte raising the issue of service after the Clerk of the Court entered default against Quicken and the Trust. (*Id*. ¶ 10.) Plaintiffs point out that their requests for Clerk's entries of default were denied six times before being granted due to insufficient evidence of service and that they "had reason to believe that the [eventual] entry of said defaults was done with great deliberation and great care otherwise the request for the defaults would have been once again rejected." (*Id*. ¶ 6.) Plaintiffs then argue that service on Quicken and the Trust was proper pursuant to either Federal Rule of Civil Procedure 4(h)(1)(B) or "the Defendants are in default anyway for falsely cloaking the signer [of the certified mail receipts] with the appearance of the authority to sign." (*Id*. ¶ 11.) Relying on an unpublished Michigan Court of Appeals' decision, Plaintiffs also argue that Quicken's and the Trust's "actual knowledge" of the lawsuit is sufficient to support this Court's exercise of jurisdiction over them. (*Id*. ¶ 12.) To the extent the Court finds that Plaintiffs' service was deficient, they ask the Court to reissue summons and grant them additional time to serve these defendants. (*Id*. ¶ 14.)

With respect to the viability of their claims against Quicken and the Trust, Plaintiffs contend that when Quicken sold Plaintiffs' mortgage loan to the Trust in

3

February 2007, it should have assigned the mortgage to the Trust as well.  (*Id.*

¶ 13.)  Rather than assign the mortgage to the Trust, Quicken assigned it to

Provident Funding, which Plaintiffs claim it should not have done because "[t]he

mortgage assignment must always 'follow the note.' "  (*Id.*)  Plaintiffs contend that

"Quicken concealed the fact that [the Trust] owned the loan and not Quicken, and

not Providence [sic]."  (*Id.*)  Plaintiff maintains that Provident had no right to

foreclose.  (*Id.*)

### Service on Quicken and the Trust

As this Court stated in its show cause order:

> "Due process requires proper service of process for a court to have
> jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc.
> v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citing
> *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)).
> "Therefore, if service of process was not proper, the court must set
> aside an entry of default." *Id.*; *see also Omni Capital Int'l, Ltd. v.
> Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal
> court may exercise personal jurisdiction over a defendant, the
> procedural requirement of service of summons must be satisfied.").

(ECF No. 46 at 2.)  Therefore, the undersigned has an independent obligation to

verify that it has acquired personal jurisdiction over a defendant, regardless of

what, if anything, the Clerk of the Court has done.[1]

---

[1] For that reason, even if Plaintiffs somehow "rel[ied]" on the actions of the Clerk,
this does not establish that service in fact was proper, nor does it bind this Court to
such a conclusion.  Plaintiffs are represented by an attorney who is responsible for
(Cont'd . . . )

The Federal Rules of Civil Procedure allow for service of a summons and complaint on an active partnership, corporation, or association within the United States in the following manner: (A) in accordance with state law; or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-- if the agent is one authorized by statute and the statute so requires-- by *also* mailing a copy of each to the defendant[.]"  Fed. R. Civ. P. 4(h)(1) (emphasis added).  Notably, courts have interpreted "deliver[y]" under this rule as requiring personal service on the appropriate agent.  *Etherly v. Rehabitat Sys.*, No. 1311360, 2013 WL 3946079, at *5 (E.D. Mich. July 31, 2013) ("Rule 4(h)(1)(B) does not authorize service of process by mail; it requires mailing combined with personal service of the agent."); *see also Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (holding that the term "delivering" denotes personal service); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (holding the same by implication).  Interpreting the rule otherwise would

---

knowing (and is deemed to know) the Federal Rules of Civil Procedure and therefore how to properly serve the Summons and Complaint on Defendants. Further, Plaintiffs have no basis for assuming that this Court "relied upon the authority of the Clerk to enter the defaults" against Quicken and the Trust. Plaintiffs base this assumption on the Court's entry of its September 23, 2014 show cause order for failure to prosecute after the Clerk entered the defaults.  The Court had not reviewed Plaintiffs' return of service forms when it issued its show cause order, however, and the order was an automatic entry following Plaintiffs' failure to take timely action against Quicken and the Trust.

render the second clause of Rule 4(h)(1)(B) superfluous. The relevant state law, Michigan Court Rule 2.105(D), provides that service may be made by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent; [or]
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation[.]

Plaintiffs' attempt to serve Quicken and the Trust by sending the Summons and a copy of the Complaint via certified mail did not comport with these rules.

Plaintiffs nevertheless argue that due process is satisfied if the defendant has actual knowledge of the litigation. But nothing in the record suggests that Quicken or the Trust have knowledge of Plaintiffs' lawsuit. Relevant to this point, there is no evidence that the individuals who signed the certified mail receipts were "appointed" by Quicken or the Trust to receive service of process and Plaintiffs have failed to identify these individuals' capacities within their respective institutions. Second, Plaintiffs are incorrect in their assertion that knowledge is sufficient to confer personal jurisdiction over a defendant. To the contrary, the Sixth Circuit and other circuit courts have consistently held that service of a summons and complaint must meet constitutional due process and the requirements of the federal rules in order for jurisdiction to exist over a defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1154-56 (6th Cir. 1991) ([W]e

6

agree with the majority rule. Due to the integral relationship between service of process and due process requirements, we find that the district court erred in its determination that actual knowledge of the action cured a technically defective service of process."); *see also, Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 492 (3d Cir. 1993) ("notice cannot by itself validate an otherwise defective service"); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991) (Finding service of the summons and complaint ineffective and quoting *Way v. Mueller Brass Co.*, 840 F.2d 303 (7th Cir.1988) for the proposition that "a 'defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements.' "); *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) ("A defendant must be served in accordance with Fed. R. Civ. P. 4 in order for the court to secure personal jurisdiction over him. Actual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the district court."); *Farr v. Spatial Tech.*, 152 F.R.D. 113 (S.D. Ohio 1993) (service ineffective to confer jurisdiction over Colorado corporate defendant with actual notice because service was not done pursuant to Ohio law).

For these reasons, the Court concludes that it has not acquired personal jurisdiction over Quicken and the Trust and thus the Clerk's entries of default against these defendants must be set aside.

7

In that event, Plaintiffs ask the Court to issue new summons and allow them additional time to serve these defendants. Plaintiffs were required to serve Defendants within 180 days after their Complaint was filed. Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within the time limit, "the court-- on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." It is only upon the plaintiff's establishment of good cause for failing to timely serve the defendant that the court must extend the time for service. Fed. R. Civ. P. 4(m).

"Good cause" is not defined in the Federal Rules of Civil Procedure. The Sixth Circuit Court of Appeals has noted that courts addressing the good cause issue have considered whether the plaintiff made a reasonable and diligent effort to effect service. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994). The court also has observed that "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Friedman*, 929 F.2d at 1157. The Court finds good cause lacking where Plaintiffs, represented by counsel, failed to timely serve Quicken and the Trust because they made no attempt to adhere to the requirements of Rule 4(h) and appropriately accomplish service.

8

**The Merits of Plaintiffs' Claims Against Quicken and the Trust**

Further leading this Court to conclude that Plaintiffs should not be granted the opportunity to now attempt proper service upon Quicken and the Trust-- thereby extending the life of this lawsuit by restarting the proceedings against these defendants-- is the fact that Plaintiffs fail to demonstrate that they have a viable claim against either of these defendants. First, neither of these entities was an essential or necessary party to the foreclosure of Plaintiffs' property, as Plaintiffs contend. Michigan's foreclosure by advertisement statute simply requires the party instituting foreclosure proceedings to be "*either* the owner of the indebtedness *or* of an interest in the indebtedness secured by the mortgage *or* the servicing agent of the mortgage." Mich. Comp. Laws § 600.3204 (emphasis added). As mortgagee, Provident properly instituted, on its own, the foreclosure proceedings against Plaintiffs' property.[2] (*See* ECF No. 24-4.) Second, there is no merit to Plaintiffs' claim that Quicken improperly caused the mortgage to be assigned separately from the note. (ECF No. 47 ¶ 13.) The Michigan Supreme Court made clear in

---

[2] As set forth in Plaintiffs' response to the order to show cause, their original mortgage loan was with Quicken. (ECF No. 47 ¶ 13.) The Sheriff's Deed on Mortgage Sale reflects that, as part of the mortgage loan transaction, Plaintiffs signed a mortgage in favor of MERS as nominee for Quicken. (ECF No. 24-4.) The mortgage was reassigned to Provident on November 8, 2012, with the assignment recorded in Oakland County Register of Deeds on November 13, 2012. (*Id*.)

*Residential Funding Co. v. Saurman*, 805 N.W.2d 183 (2011), that the mortgage and note "need not be in the same hands." *Id*. at 183-84.

Finally, to the extent Plaintiffs are attempting to state a claim of fraud against Quicken, the claim fails.[3]  Plaintiffs fail to state with specificity what false representations were made by Quicken, when those statements were made, and by whom.  *See* Fed. R. Civ. P. 9(b); *U.S. Fidelity & Guar. Co. v. Black*, 313 N.W.2d 77, 82 (Mich. 1981) (setting forth the elements of a claim of fraud under Michigan law).  Moreover, Plaintiffs have not asserted in their response to the show cause order or Complaint how they suffered any injury resulting from Quicken's alleged fraud.  Nothing in the facts alleged by Plaintiffs suggests that they could amend their pleading to support such a claim, particularly as their claim of harm is premised on their incorrect assertion that the mortgage must follow the note and that only a noteholder may properly institute foreclosure proceedings in Michigan.

## Conclusion

In summary, this Court holds that it lacks jurisdiction to adjudicate Plaintffs' claims against Quicken and the Trust because Plaintiffs have not properly served these defendants in accordance with the Federal Rules of Civil Procedure.  The

---

[3] In their response to the order to show cause, Plaintiffs assert that Quicken "falsely made it appear that Provident Funding was the true [h]older of the Christian Note five (5) years after Quicken had endorsed the Note over to [the Trust]."  (ECF No. 47 ¶ 13.)

10

entries of default against Quicken and the Trust therefore must be set aside.  The

Court declines to grant Plaintiffs more time to serve these defendants because they

fail to establish good cause for not accomplishing timely service.  Moreover,

Plaintiffs' claims against these defendants are frivolous.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment against

Quicken and the Trust (ECF No. 44) is **DENIED**;

**IT IS FURTHER ORDERED** that the entries of default against Quicken

and the Trust (ECF Nos. 21, 22) are **SET ASIDE**;

**IT IS FURTHER ORDERED**, that Plaintiffs' claims against Quicken and

the Trust are **DISMISSED WITH PREJUDICE** because they are frivolous and

Quicken and the Trust are **DISMISSED AS PARTIES** to this lawsuit.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, April 26, 2016, by electronic and/or U.S.
First Class mail.

s/ Richard Loury
Case Manager