UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD CHRISTIAN and BARBARA
CHRISTIAN,

                Plaintiffs,

                                      Civil Case No. 13-13795

v.                                       Linda V. Parker

FEDERAL HOME LOAN MORTGAGE
CORPORATION, FHLMC MULTICLASS
CERTIFICATE SERIES (NUMBER UNKNOWN)
TRUST (REMIC), MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
QUICKEN LOANS, INC., and
PROVIDENT FUNDING ASSOCIATES, L.P.,

                Defendants.

_____/

## OPINION AND ORDER (1) GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 51) AND (2) DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY DISPOSITION ON LIABILITY (ECF NO. 53) AND MOTION TO ALLOW REDEMPTION/SETTLEMENT FUNDS TO BE PAID INTO COURT ESCROW (ECF NO. 50)

On or about July 8, 2013, Plaintiffs commenced this action against

Defendants in the Circuit Court for Oakland County, Michigan.  The matter arises

from the foreclosure of property commonly known as 7860 Buckhom Lake Road,

Holly, MI ("Property").  This Court previously issued an opinion and order

dismissing Plaintiffs' claims against Defendants Quicken Loans, Inc. ("Quicken")

and FHLMC Multiclass Certificates Series (Number Unknown) Trust (REMIC)

("Trust").  (ECF No. 52.)  The matter is now before the Court on the following

motions:

- Motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Provident Funding Associates, LP ("Provident") (hereafter, collectively "Defendants") (ECF No. 51);

- Plaintiffs' motion for partial summary judgment, filed pursuant to Federal Rule of Civil Procedure 56 (ECF No. 53); and

- Plaintiffs' "Motion to Allow Redemption/Settlement Funds to be Paid into Court Escrow" (ECF No. 50).

Plaintiffs filed a response to the motion for judgment on the pleadings.[1]  No other

briefs were filed with respect to the pending motions.  Nevertheless, the Court

finds the facts and legal arguments sufficiently presented in the parties' briefs such

that oral argument is unnecessary.  The Court therefore is dispensing with oral

argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

### Rule 12(c) Standard

A motion for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c) is subject to the same standards of review as a Rule 12(b)(6)

---

[1] Plaintiffs moved for partial summary judgment in their response to the motion for judgment on the pleadings.  This is contrary to the Local Rules for the Eastern District of Michigan, which provide that a response to a motion must not be combined with a counter-motion.  *See* LR App'x ECF R5(f).  While the rule states that "[p]apers filed in violation of this rule will be stricken[,]"*id.*, the Court nevertheless is considering Plaintiffs' motion.

motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading

3

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, a court may take judicial notice of "other court proceedings" without converting a motion to dismiss into a motion for summary judgment. *Buck v. Thomas M.*

4

*Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008)).

## Rule 56 Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Factual and Procedural Background

On November 14, 2006, Plaintiffs accepted a $403,000 loan from Quicken, and, in exchange, executed a promissory note ("Note") secured by a mortgage ("Mortgage") on the Property.  (Defs.' Mot., Exs. 1, 2, ECF No. 51-2, 51-3.)  The Mortgage, executed in favor of MERS "as a nominee for [Quicken] and [Quicken]'s successors and assigns[,]" designates MERS as "the mortgagee[.]" (*Id*., Ex. 2 at 2, ECF No. 51-2 at Pg ID 168.)  The Mortgage was recorded with the

5

Oakland County Register of Deeds on November 29, 2006, at Liber 38445, Page 634. (*Id*.)

The Note subsequently was endorsed over to Provident. (*Id*., Ex. 1 at 3; ECF No. 51-2 at Pg ID 390.)

On November 8, 2012, MERS executed an Assignment of Mortgage ("Assignment"), assigning the Mortgage to Provident. (*Id*., Ex. 3; ECF No. 51-4.) The Assignment was recorded in the Oakland County Register of Deeds on November 13, 2012, at Liber 44947, Page 894. (*Id*.)

Plaintiffs eventually defaulted on the loan. (*See id*., Ex. 4; ECF No. 51-5.) As a result, Provident, acting through its agent, Potestivo & Associates, commenced foreclosure by advertisement proceedings under Michigan law. (*See id*, Ex. 5; ECF No. 51-6.) Pursuant to Michigan Compiled Law Section 600.3205, Plaintiffs were advised of their right to request a meeting to discuss loan modification possibilities. (*Id*. at Pg ID 411-12.) Plaintiffs never requested such a meeting. (*Id*.) Notice of foreclosure was published in the Oakland Press for four consecutive weeks on December 5, 12, 19, and 26, 2012. (*Id*. at Pg Id 414.) A Foreclosure Notice was posted on the door of the Property on December 10, 2012. (*Id*. at Pg ID 413.)

At a sheriff's sale held on January 8, 2013, Provident purchased the Property for $418,729.29 and a Sheriff's Deed on Mortgage Sale ("Sheriff's Deed") was

issued. (*Id*. at Pg ID 410.) The Sheriff's Deed was recorded in the Oakland

County Register of Deeds on January 15, 2013, in Liber 45210, Page 500. (*Id*.)

The period for Plaintiffs to redeem the Property expired on July 8, 2013. (*Id*. at Pg

ID 417.) Plaintiffs did not redeem, or attempt to redeem, the Property.

Instead, on July 8, 2013, Plaintiffs, with the assistance of counsel, filed the

pending action in the Circuit Court for Oakland County, Michigan. (Pls.' Compl.,

ECF No. 1.) Plaintiffs allege the following "claims" in their Complaint:

I.     Declaratory judgment based upon Defendants' lack of right to
       enforce the Christian note for payment nor standing to execute a
       non-judicial foreclosure under any test within the Michigan
       UCC;

II.    Provident Funding Associates, L.P. failed to comply with the
       statutory requirements of a non-judicial foreclosure by
       advertisement procedure on the face of documents already
       released by Defendants and recorded in the Oakland County
       Register of Deeds Office as set forth in MCL 600.3204(1)(d);

III.   Christian Promissory Note & Mortgage illegally transferred by
       Defendants to REMIC during securitization process to preclude
       Provident . . . and/or … Trust …from executing a non-judicial
       foreclosure as set forth by § 600.3201 *et seq*.;

IV.    Fraud in the concealment and inducement;

V.     Unjust enrichment;

VI.    Slander of title

VII.   Declaratory judgment/wrongful foreclosure.

7

(Compl., ECF No. 2-2.)  Freddie Mac, MERS, and Provident removed Plaintiffs'

Complaint to federal court on the basis of diversity jurisdiction on September 5,

2013.  Plaintiffs filed an Amended Complaint on November 4, 2014.[2]  (Am.

Compl., ECF No. 38.)  The Amended Complaint includes the following "counts":

I.      Violations of the Fair Debt Collections Practices Act
        ["FDCPA"];

II.     Failure to cancel and return Plaintiffs' promissory note; and

III.    Conversion of funds.

(Am. Compl., ECF No. 38.)

On July 11, 2013, Provident executed a Quit Claim Deed of the Property to

Freddie Mac.  (Defs.' Mot., Ex. 6, ECF No. 51-7.)  The Quit Claim Deed was

recorded in the Oakland County Register of Deeds on July 26, 2013, at Liber

---

[2] Plaintiffs state in their Amended Complaint that they "adopt the allegations" in their original Complaint.  (*See* Am. Compl. at 2, ECF No. 38 at Pg ID 292.)  An Amended Complaint supersedes a previously filed pleading and thus, normally, any claims previously alleged and not included in an amended complaint, are waived. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n. 8 (6th Cir. 2008) (citing *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008)) (stating that a prior "complaint is a nullity, because an amended complaint supersedes all prior complaints"); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir.2000) (stating that "when [a ] plaintiff files [an] amended complaint, [the] new complaint supersedes all previous complaints and controls [the]case from that point forward") (citations omitted); *Klyce v. Ramirez*, No. 87-5176, 1988 WL 74155, at *3 (6th Cir. July 19, 1988) (stating that "an amended pleading supersedes the original, the latter being treated as nonexistent") (citations omitted).  Nevertheless, the Court will address the claims alleged in Plaintiffs' initial complaint in the event their amended pleading could be construed as adopting those claims.

46120, Page 315.  (*Id*.)  Freddie Mac subsequently initiated an action for possession of the Property in a Michigan district court.  Those proceedings have been stayed pending resolution of the current action.

### Applicable Law and Analysis

Although Plaintiffs' Complaint and Amended Complaint purport to contain numerous distinct causes of action, judicial efficiency requires the Court to analyze Plaintiffs' allegations instead according to the basis for their claims.

In their pleadings and briefs, Plaintiffs challenge the validity of the Note, Mortgage, and Assignment.  Plaintiffs contend that the splitting of the Note and Mortgage rendered the Assignment to Provident defective.  Plaintiffs further contend that it resulted in them having no monetary obligations to any of the named defendants.  Plaintiffs assert that Provident therefore lacked standing and the authority to initiate foreclosure proceedings with respect to the Property.

As stated in this Court's April 26, 2016 decision: "The Michigan Supreme made clear in *Residential Funding Co. v. Saurman*, 805 N.W.2d 183 (2011), that the mortgage and note 'need not be in the same hands.' " (ECF No. 52 at Pg ID 559, quoting *Saurman*, 805 N.W.2d at 183-84.)  Thus, any claims Plaintiffs are bringing based on their note-splitting argument are frivolous.  Specifically, the splitting of the note from the mortgage did not invalidate the Assignment of the Mortgage to Provident.  As holder of the Mortgage, Provident had standing to

9

initiate the foreclosure by advertisement proceedings with respect to the Property. *See* Mich. Comp. Laws § 600.3204 (providing that foreclosure by advertisement proceedings may be instituted by "*either* the owner of the indebtedness *or* of an interest in the indebtedness secured by the mortgage *or* the servicing agent of the mortgage.") (emphasis added).

Additionally, to the extent Plaintiffs are attempting to assert any claims based on the securitization of the loan, such claims fail. *See Stafford v. Mortgage Elec. Registration Sys.*, No. 12-10798, 2012 WL 1564701, at *4 (E.D. Mich. May 2, 2012) (citing cases). "[S]ecuritization does not impermissibly split the promissory note and mortgage, nor does it invalidate the note or mortgage." *Jones v. Bank of America*, No. 12-11608, 2012 WL 5412236, at * (E.D. Mich. Nov. 6, 2012).

Moreover, Plaintiffs cannot challenge the validity of the Assignment because "a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010), *aff'd* 399 F. App'x 97, 102 (6th Cir. 2010). While parties subject to foreclosure may "challenge whether a lender holds record chain of title, … that determination is limited to an examination of the public records." *Livonia Props. Holdings*, 399 F. App'x at 103. In other words, a party challenging the record chain of title may not

10

"go beyond the statutory requirements to inspect every contract or agreement in the history of the loan." *Id.* (internal quotation marks and citation omitted).

Here, the record chain of title as reflected in the public records shows that MERS (named as mortgagee in the mortgage and acting as nominee for Quicken) assigned the Mortgage to Provident. This chain of title existed "prior to the date of [the foreclosure] sale," as required by Michigan Compiled Laws § 600.3204(3). Accordingly, even if the assignment was invalid, the record chain of title "would not be disturbed[,]" and would still reflect Provident as the mortgagee. *Livonia Props. Holdings*, 399 F. App'x at 102; *see also Maraulo v. CitiMortgage, Inc.*, No. 12-10250, 2013 WL 530944, at *7 (E.D. Mich. Feb. 11, 2013) ("Because the record chain of title would not be disturbed even if the assignment were invalid, Plaintiffs' challenge to the assignment on the grounds that it destroys the required chain of title lacks merit."). Again, the mortgagee of record, Provident possessed authority to initiate foreclosure proceedings pursuant to Michigan Compiled Laws § 600.3204(1).

Plaintiffs also contest the validity of the foreclosure based on Defendants' alleged failure to comply with Michigan's Uniform Commercial Code ("UCC"), which governs secured transaction. Plaintiffs appear to be arguing that, upon their demand, Provident had to present the Note to them. The Sixth Circuit has held, however, that "the UCC does not apply to mortgage foreclosures." *Gardner v.*

11

*Quicken Loans, Inc.*, 567 F. App'x 362, 365-66 (6th Cir. 2014).  Moreover, Michigan law does not require that the note evidencing the indebtedness be endorsed to the foreclosing party (Provident) or that the foreclosing party be a holder or holder in due course of the note.  *See, id.*; *see also Aliahmad v. U.S. Bank NA*, No. 12-11844, 2012 WL 3639282, at *5 (E.D. Mich. Aug. 24, 2012); *Jozlin v. U.S. Bank NA*, 11-12749, 2012 WL 12760, at *3 (E.D. Mich. Jan. 4. 2012) (same).  As stated earlier, Michigan's foreclosure by advertisement statute simply requires that the foreclosing party have an interest in the indebtedness, which Provident did as the mortgagee.  Mich. Comp. Laws § 600.3204(1)(d).

To the extent Plaintiffs purport to state a claim for fraud, they fail to satisfy the heightened pleading requirements for stating their claim.  A prima facie claim of fraud under Michigan law requires proof that:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made [the representation] with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury.

*Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008).  Beyond containing each of these elements, claims of fraud also must adhere to the pleading requirements set forth in Rule 9 of the Federal Rules of Civil Procedure.

12

Rule 9 provides that a plaintiff alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b). To satisfy this requirement, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation marks and citation omitted); *see also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) ("As a sister circuit has phrased it," Rule 9(b) requires a plaintiff to "specify the 'who, what, when, where, and how' of the alleged fraud.") (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).  Plaintiffs' Complaint and Amended Complaint fall woefully short of satisfying these requirements.

Plaintiffs' claims asserted to support setting aside the foreclosure fail because the redemption period has expired, with Plaintiffs failing to redeem, and they do not make a clear showing of fraud or irregularity related to the foreclosure process itself or prejudice resulting therefrom.  As the Sixth Circuit has explained:

> In order to successfully set aside a foreclosure sale after the expiration of the redemption period, the mortgagor must first make "a clear showing of fraud, or irregularity." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 361 (6th Cir. 2013) (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 167 N.W.2d 784, 785 (1969)). The indicated irregularity, however, must have occurred in the foreclosure process itself. *Williams v. Pledged Property II, LLC*, 508 Fed. Appx. 465, 468 (6th Cir. 2012) (citing *Heimerdinger v.*

13

>*Heimerdinger*, 299 Mich. 149, 299 N.W. 844, 846 (1941)). "[D]efects
>or irregularities in a foreclosure proceeding result in a foreclosure that
>is voidable, not void ab initio." *Kim v. JPMorgan Chase Bank, N.A.*,
>493 Mich. 98, 825 N.W.2d 329, 337 (2012). In order to have the
>foreclosure sale set aside, the mortgagor must also demonstrate that
>she was prejudiced by the irregularity. *Conlin*, 714 F.3d at 361
>(quoting Kim, 825 N.W.2d at 337). A mortgagor demonstrates
>prejudice by showing that she would have been in a better position to
>preserve her interest in the property absent the defendant's
>noncompliance with Michigan's foreclosure laws. *Conlin*, 714 F.3d at
>361 (quoting *Kim*, 825 N.W.2d at 337).

*Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 272 (2015).  For the reasons already stated, Plaintiffs do not state a viable claim of fraud or irregularity in connection with the foreclosure process.  Moreover, Plaintiffs fail to sufficiently allege prejudice due to any irregularity in the foreclosure process.

Turning to Plaintiffs' FDCPA claim, they allege that Provident is a "debt collector" and engaged in improper activity when attempting to collect on a debt (i.e., the mortgage loan).  The Sixth Circuit has held that a mortgage foreclosure is a "debt collection" subject to the FDCPA.  *Glazer v. Chase Nome Finance, LLC*, 704 F.3d 453, 455 (6th Cir. 2013).  The court did not hold, however, that *any* entity involved in a mortgage foreclosure is a debt collector.

As defined in the FDCPA, a "debt collector" is "any person … in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

14

asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Plaintiffs fail to allege

facts suggesting that Provident's principal purpose is debt collection.  "[A]s a

general rule, creditors … lenders, mortgagees, and mortgage servicing companies

are exempt from liability under the FDCPA."  *McCord v. Resurgent Mortg.*

*Servicing*, No. 3:13-00116, 2014 WL 4109622, at * (W.D. Ky. Aug. 20, 2014)

(citing cases); *see also Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp.

2d 1178, 1182 (D. Ariz. 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197,

1208 (5th Cir. 1985)) ("The legislative history of section 1692a(6) indicates

conclusively that a debt collector does not include the consumer's creditors, a

mortgage servicing company, or an assignee of a debt, as long as the debt was not

in default at the time it was assigned.").  In any event, Plaintiffs fail to allege facts

suggesting Provident violated the FDCPA.  Underlying Plaintiffs' FDCPA claim is

their contention that the foreclosure was fraudulent.  As stated previously,

however, the grounds for Plaintiffs' assertion lack merit.

Finally, there is no merit to Plaintiffs' claims based on an alleged

overpayment for the Property at the sheriff's sale.  Plaintiffs allege that the amount

bid, $418,729.28, exceeded the amount due on the Note by $3,801.  The

foreclosure notice, dated December 5, 2012, states the amount due as $414,928.00.

The Sheriff's sale took place on January 8, 2013-- thirty-four days after the date of

the foreclosure notice.  According to the Note, interest accumulated at a rate of

6.75% during that period.  (*See* Defs.' Mot., Ex. 1 at 1, ECF No. 51-2 at Pg ID 388.)  In addition to minimal interest of $2,800, sale costs such as publication and posting are included in the amount due pursuant to the terms of the Mortgage.  (*See* Defs.' Mot., Ex. 2 ¶ 22, ECF No. 51-2 at Pg ID 178.)

**Conclusion**

For all of these reasons, the Court finds that Plaintiffs fail to state a viable claim for the relief sought in their Complaint and Amended Complaint.  Therefore, the Court is granting Defendants' motion for judgment on the pleadings and denying Plaintiffs' motion for partial summary judgment.  Plaintiffs' request to deposit $292,000.00 as a redemption/settlement amount is frivolous, particularly as the amount due to redeem the Property is, at a minimum, $418,729.28, and Plaintiffs fail to allege a basis to challenge the foreclosure.

Accordingly,

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (ECF No. 51) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for partial summary judgment (ECF No. 53) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Allow

Redemption/Settlement Funds to be Paid Into Court Escrow" (ECF No. 50 ) is

**DENIED**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: November 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, November 28, 2016, by electronic and/or
U.S. First Class mail.

                                        s/ Richard Loury
                                        Case Manager

17